**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CINEVISION INTERNATIONAL, INC., <br><br> Debtor, <br>_____ <br><br> FRANK MAYOR; CINDY GUNADI, <br><br> Appellants, <br> v. <br><br> EDWARD M. WOLKOWITZ, <br><br> Appellee. | No. 16-60015 <br><br> BAP No. CC: 15-1227 <br><br> D.C. No. 2:11-bk-40813-TD <br><br> MEMORANDUM * |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Corbit, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted August 31, 2017
Pasadena, California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FISHER and BYBEE, Circuit Judges, and BARTLE,[**] District Judge.

Frank Mayor and Cindy Gunadi appeal from the February 17, 2016 order of the Bankruptcy Appellate Panel. That order affirmed the July 8, 2015 order of the Bankruptcy Court holding them in civil contempt for failure to turn over certain property in their possession which belonged to the bankruptcy estate of the debtor Cinevision International, Inc. The order also directed the contemnors to pay sanctions in the amount of the fees and costs incurred by the Trustee's counsel in the adversary action. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). We review questions of law de novo, *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990), and questions of fact for clear error, *Federal Trade Commission v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).

After Cinevision filed for bankruptcy, the Trustee wrote to Mayor and Gunadi to turn over to the bankruptcy estate certain property identified in his letter. When Mayor and Gunadi failed to do so, the Trustee instituted an adversary proceeding in the Bankruptcy Court. On March 12, 2015, Bankruptcy Judge Vincent Zurzolo granted summary judgment in favor of the Trustee and ordered

---

[**] The Honorable Harvey Bartle III, United States Judge for the Eastern District of Pennsylvania, sitting by designation.

the property to be turned over. Shortly thereafter, the Trustee initiated a civil contempt proceeding in the Bankruptcy Court before a different Bankruptcy Judge against Mayor and Gunadi pursuant to 11 U.S.C. § 105(a) for violating the self-effectuating automatic stay in not having turned over the property prior to the decision of Judge Zurzolo. The Bankruptcy Court held Mayor and Gunadi in civil contempt and as noted above directed them to pay the Trustee's counsel fees and costs incurred in pursuing the adversary proceeding.

Mayor and Gunadi argue that the Bankruptcy Court erred in failing to apply the proper standard of proof and in failing to make certain findings as required under *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178 (9th Cir. 2003). Mayor and Gunadi are correct. In *Knupfer*, this Court reiterated the well-established law that the clear and convincing standard of proof must be met in order to hold a person in civil contempt. *Id.* at 1190–91. The Bankruptcy Court did not invoke this standard but instead relied generally on the findings of fact and conclusions of law of Judge Zurzolo in the adversary proceeding where the lower preponderance of the evidence standard of proof applied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In order for Mayor and Gunadi to be held in civil contempt, *Knupfer* requires findings (1) that the contemnors "knew of the automatic stay" and (2) that their "actions which violated the stay were intentional." *Knupfer, 322 F.3d*

3

at 1191. The Bankruptcy Court did not make these specific findings and thus committed clear error.

On remand, the Bankruptcy Court must apply the heightened clear and convincing standard of proof. The Bankruptcy Court must also make the specific findings required by *Knupfer*. It should identify the references in the record which support its findings and any reasonable inferences drawn therefrom.

The Court has considered appellants' remaining arguments, including a challenge to whether Gunadi was in possession of the property in question, and concludes that those arguments are without merit.

**REVERSED** and **REMANDED** for proceedings consistent with this Memorandum.